**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000316**
**13-APR-2026**
**09:12 AM**
**Dkt. 37 SO**

NO. CAAP-24-0000316

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DAVID WILLIAM LEWIS, Petitioner-Appellee,
v.
MIKE BENACQUISTA, Respondent-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DSS-24-0000136)

SUMMARY DISPOSITION ORDER
(By:  Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Respondent-Appellant Mike **Benacquista** appeals from District Court of the Third Circuit's March 22, 2024 Order Granting Petition for Injunction Against Harassment entered in favor of Petitioner-Appellee David William **Lewis**.[1]

On appeal, Benacquista contends the circuit court improperly extended the fifteen-day requirement to commence a

---

[1]  The Honorable Kimberly B. Tsuchiya presided over both underlying cases at issue in this appeal.

hearing on the merits by allowing Lewis "to 'refile' his petition while a prior [temporary restraining order (**TRO**) was] still in place," violating his due process rights.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

This appeal involves two underlying district court cases:  3DSS-24-0000054 (**First Case**) and 3DSS-24-0000136 (**Second Case**).

### The First Case

In the First Case, Lewis filed an ex parte petition for a TRO on January 24, 2024, and a TRO issued on the same day. The petition was served on January 30.

On February 5, Benacquista moved to dismiss the petition asserting the district court lacked jurisdiction for lack of "lawful service."  For this motion, Benacquista relied

---

[2]  In his points of error, Benacquista also contends the district court violated its "duty to 'cold neutrality of an impartial judge.'"  Benacquista argues, "Instead of simply dismissing the First Petition, the District Court advised [Lewis] that he could refile his petition, and that the Court would waive the filing fees."  However, Benacquista does not point to where in the record he objected or brought this issue to the district court's attention. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring points of error to set forth where the error was objected to or brought to the court's attention).  Accordingly, we disregard this contention. See id. ("Points not presented in accordance with this section will be disregarded[.]").

on the District Court Rules of Civil Procedure (**DCRCP**) Rules 7 and 12(b).[3]

Six days after service of the petition, on February 6, the district court held a hearing on the matter. The record on appeal contains no transcript of this hearing. Based on the district court's minutes, Lewis appeared self-represented and Benacquista appeared represented by counsel. Benacquista challenged service as improper and moved to dismiss. The district court continued the case to February 13 for a hearing on the motion to dismiss and extended the TRO for the same period.

On February 13, the district court heard arguments and witnesses related to Benacquista's motion to dismiss and denied the motion. The district court extended the TRO until February 27, the trial date. The record on appeal contains no transcript of this hearing.

On February 21, Benacquista again moved to dismiss for lack of jurisdiction pursuant to DCRCP Rules 7 and 12(b) and Hawaiʻi Revised Statutes (**HRS**) § 604-10.5 (2016 & Supp. 2023). This time, Benacquista asserted the district court was divested

---

[3] DCRCP Rule 7 governs pleadings and motions generally, and DCRCP Rule 12(b) governs defenses, including lack of jurisdiction. We note however that the DCRCP do not apply to proceedings on petitions for injunctions against harassment under Hawaiʻi Revised Statutes (**HRS**) § 604-10.5 (2016 & Supp. 2023). DCRCP Rule 81(a)(4) (providing that "these rules shall not apply to . . . [a]ctions for relief from harassment maintained pursuant to HRS Section 604-10.5").

of jurisdiction because a hearing on the merits had not commenced within fifteen days.

On February 27, the district court orally dismissed the petition without prejudice. During the hearing, Lewis protested, saying there was a hearing held within fifteen days. The district court explained, based on its "recollection," that it addressed the motion to dismiss but "didn't have time" to conduct an evidentiary hearing. The district court ruled it was granting the motion, and the "TRO on its face will dissolve today . . . so now it's done."

On March 5, the district court entered its order granting the motion to dismiss without prejudice for lack of jurisdiction. The district court dissolved and terminated the TRO and any extensions "*nunc pro tunc*," effective February 27, 2024.

### The Second Case

In the Second Case, Lewis filed a petition for an ex parte TRO on February 27, immediately after his petition in the First Case was dismissed, asserting the same allegations. A TRO issued on the same day.

On March 12, the district court held a hearing, but Benacquista had not yet been served. The matter was continued and the TRO was extended to March 19.

That same day, Benacquista moved to dismiss the petition pursuant to DCRCP Rules 12(b)(1) and (6) and Rules of the District Court of the State of Hawai'i Rule 7, arguing that the TRO in the Second Case was issued before the TRO in the First Case was dismissed. Benacquista argued that the TRO in the Second Case "was entered in direct circumvention of [HRS] § 604-10.5(g)['s] . . . requirement that a hearing commence on the merits of a petition within fifteen (15) days."

On March 19, the district court heard arguments and denied the motion to dismiss. Trial commenced, and the matter was continued to March 22.

On March 22, the trial resumed, and the district court granted an injunction for six months. Benacquista appealed.

Benacquista contends the district court improperly extended the fifteen-day requirement to commence a hearing on the merits by allowing Lewis "to 'refile' his petition while a prior TRO [was] still in place," violating his right to due process. The gist of Benacquista's contention appears to be that the district court circumvented the fifteen-day requirement by dismissing the petition without prejudice and allowing Lewis to refile his petition.

To the extent Benacquista contends the district court erred in dismissing the First Case without prejudice, we lack

jurisdiction over the order dismissing the First Case without prejudice as no party appealed from that order.

Turning to whether the district court circumvented the fifteen-day requirement, HRS § 604-10.5(g) provides in relevant part, "A hearing on the petition to enjoin harassment shall be held within fifteen days after the temporary restraining order is granted."  However, "[w]hen claims are dismissed without prejudice, a party is free to raise those claims in subsequent litigation."  Smallwood v. City & Cnty. of Honolulu, 118 Hawai'i 139, 153, 185 P.3d 887, 901 (App. 2008).

Because the petition in the First Case was dismissed without prejudice, Lewis was free to refile his petition.  See id.  As Lewis was free to refile his petition, the circuit court did not circumvent the fifteen-day requirement or violate Benacquista's due process rights by addressing Lewis's petition in the Second Case.

Benacquista also appears to argue that the district court in the Second Case, "standing alone," did not conduct a hearing on the merits within fifteen days.

In addition to requiring a hearing on the petition to be held within fifteen days of the TRO, HRS § 604-10.5(g) allows the court to set a new hearing date if service has not been effected:

> If service of the temporary restraining order has not been effected before the date of the hearing on the petition to enjoin, the court may set a new date for the hearing; provided that the new date shall not exceed ninety days from the date the temporary restraining order was granted.

Here, the petition in the Second Case was filed on February 27 and a hearing was held fourteen days later on March 12. However, because service had not yet been effected, the district court continued the hearing seven days to March 19.

Because HRS § 604-10.5(g) allows for a continuance under these circumstances and the seven-day continuance did not exceed the ninety days allowed under the statute, the district court did not err.

Based on the foregoing, we affirm the district court's March 22, 2024 Order Granting Petition for Injunction Against Harassment.

DATED: Honolulu, Hawaiʻi, April 13, 2026.

On the brief:                    /s/ Karen T. Nakasone
                                 Chief Judge
David H. Lawton,
Emil A. Macasinag,               /s/ Sonja M.P. McCullen
(Jung & Vassar)                  Associate Judge
for Respondent-Appellant.
                                 /s/ Kimberly T. Guidry
                                 Associate Judge